**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Larry J. HIRSCH, Defendant— Appellant.**

**No. 02–50117.**

**D.C. No. CR–99–00585–TJH–1.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 24, 2003.

Before FISHER and BYBEE, Circuit Judges, and MAHAN, District Judge.*

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

## MEMORANDUM**

Larry Hirsch was indicted pursuant to 18 U.S.C. § 875(c) for making threatening telephone calls to various women, their neighbors and family. After the district court ordered two psychiatric evaluations and held a competency hearing, it found that Hirsch was competent to stand trial. On the morning of trial, Hirsch pled guilty but later moved to withdraw his guilty plea. The district court denied the motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment of the district court.

### I.

■ The district court's competency proceedings satisfied due process and 18 U.S.C. §§ 4241(a), 4247(d). The district court *sua sponte* ordered two separate psychiatric evaluations and made findings on the record that Hirsch was competent after it had doubts as to Hirsch's competence. *See Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir.2001); 18 U.S.C. §§ 4241(a) (2000). *United States v. Timmins,* 301 F.3d 974 (9th Cir.2002), is not on point. Here, in finding that Hirsch was competent, the district court did not rely solely on representations by counsel that Hirsch was able to aid and assist in Hirsch's defense; the court relied on the opinions of two psychiatric experts, both of whom concluded that Hirsch was competent. Therefore, the district court's inquiry was not deficient.

### II.

■ The district court did not abuse its discretion when it denied Hirsch's motion

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3.

to withdraw his guilty plea. Although Hirsch offered a plausible reason for withdrawing his plea, other factors weighed against granting his motion. Hirsch delayed four months before moving to withdraw his plea. *See United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995). Moreover, the district court conducted a thorough and extensive Rule 11 colloquy when it accepted the plea. *See United States v. Nostratis,* 321 F.3d 1206, 1209 (9th Cir. 2003). Whenever the district court sensed any hesitation or received an ambiguous response from Hirsch, it followed up with several questions until the matter was clarified. Under the totality of the circumstances, the district court did not abuse its discretion in finding no "fair and just reason" for withdrawal. Fed.R.Crim.P. 11(d)(2)(B).

**AFFIRMED.**